**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4918**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CAROLINE SHAMBLIN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph Robert Goodwin, District Judge.  (CR-04-20)

---

Submitted:  October 26, 2005        Decided:  November 16, 2005

---

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

Michael R. Cline, MICHAEL R. CLINE LAW OFFICE, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, W. Chad Noel, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Caroline Shamblin pled guilty, pursuant to a written plea agreement, to one count of maintaining a residence for the purpose of manufacturing, distributing, or using methamphetamine, 21 U.S.C. § 856(a)(1) (2000), and was sentenced to 46 months imprisonment.[1] At sentencing, the district court found, by a preponderance of the evidence--and over Shamblin's objections--that she was responsible for a total drug weight of 524.58 kilograms of marijuana equivalent, and assigned a base offense level of 28. The court then awarded Shamblin a three-level reduction for acceptance of responsibility, USSG § 3E1.1(a), and a two-level reduction based on the "safety valve" provisions, USSG §§ 2D1.1(b)(6), 5C1.2, resulting in a total offense level of 23. With a criminal history category of I, Shamblin's guidelines sentencing range was 46 to 57 months imprisonment. The court imposed a sentence at the bottom of the range. Shamblin appeals, challenging her sentence under United States v. Booker, ___U.S.___, 125 S. Ct. 738 (2005). Shamblin argues that her base offense level was calculated, in part, based on judicial factfinding in violation of Booker. We agree.

---

[1]Neither the indictment nor the plea agreement specified the quantity of methamphetamine involved in the offense. Nor did Shamblin otherwise admit responsibility for a particular quantity of methamphetamine.

Shamblin's base offense level, without the challenged drug weights, would have been 12[2] and her guideline range would have been 10 to 16 months imprisonment. Therefore, because Shamblin's sentence was greater than that authorized by the facts she admitted in her guilty plea, we vacate her sentence and remand for resentencing in accordance with Booker.[3]

Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the guidelines

---

[2]The applicable guideline for a violation of 21 U.S.C. § 856(a)(1) is found in USSG § 2D1.8, which provides that the base offense level is to be determined according to the offense level in § 2D1.1 applicable to the underlying controlled substance offense. The underlying substance offense, manufacturing methamphetamine, has a minimum base offense level of 12. See USSG § 2D1.1(c)(14).

[3]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Shamblin's sentencing.

range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). <u>Id.</u> The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>